RANDALL GAITHER, #1141
159 West 300 South
The Broadway Lofts, #105
Salt Lake City, Utah 84101
Telephone:   801-531-1990

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **MOTION TO SUPPRESS** |
| Plaintiff, | ) | |
| vs. | ) | JUDGE: TED STEWART |
| HICKORY WESLEY McCOY, | ) | |
| Defendant. | ) | Case No. 2:12-cr-00218-TS |

The Defendant, Hickory Wesley McCoy, by and through Randall Gaither, Attorney at Law, hereby moves the Court to suppress from evidence all information received after the vehicle being driven by the Defendant was illegally stopped, searched and the Defendant was illegally detained. The evidence subject to suppression is all items seized from the vehicle and any information used to develop probable cause after the stop, including any information used for further detention. This motion is based upon the *Fourth Amendment* to *The United States Constitution* and the following grounds and reasons:

1. On January 25, 2012 the Defendant was operating a vehicle as the driver. He was driving the properly licensed and registered vehicle in the eastbound portion of Interstate 80 in Salt Lake County, Utah.

2. The Defendant's vehicle was located in the fast travel lane (or left lane) of the Interstate Highway.

3. The Highway Patrol Officer exceeded the speed limit to investigate prior to observing any traffic offense. The Highway Patrol Officer drove at an excessive speed of over 88 miles per hour with no lights or siren down the Interstate in the right lane of travel pursuing the vehicle without any observation of a traffic offense. The vehicle was driven in an aggressive manner without any emergency exception.

4. The Defendant's vehicle and other vehicles were travelling in the left lane when the officer positioned the marked patrol vehicle on the right side. The officer indicates on the video recording that the car "has been hanging out in the left lane for a while…". The position and manner of driving by the patrol unit would have reasonably affected the drivers on the roadway.

5. The trooper began following the vehicle and restricted the movement of the vehicle into the right lane. The trooper then pulled the vehicle over for allegedly restricting the travel lanes using emergency lights that required the vehicle to stop.

6. The officer stopped the vehicle without any objective evidence of a traffic violation or any objectively reasonable suspicion of criminal activity. Unless acting on information not set forth in discovery, the trooper acted on an unparticularized suspicion or hunch. The traffic stop was invalid at its inception.

7. The officer indicated to the occupants of the vehicle that he pulled the Defendant's vehicle over for a left lane violation.

8. The Defendant's lane of travel and ability to pull into the right lane was restricted by the aggressive operation of the Highway patrol vehicle.

9. The marijuana in the vehicle was packaged in such a manner that there would have been no detectable odor as a justification for not allowing the occupants to continue to travel without detention.

10. An evidentiary hearing is requested in this matter for the following issues:

A. Can the prosecution meet the burden of proving the stop was initially justified?

B. Was there a traffic violation by the Highway Patrol Trooper prior to any emergency?

C. Was the stop based upon information received from another source?

D. Could the officer have smelled any unusual odor?

E. Was the detention unreasonably delayed to conduct a dog search without a warrant?

F. Could a warrant have been obtained electronically?

G. Did the detention exceed the scope of the justification, if any for the stop?

11. Standing is based upon the illegal stop and detention. In *United States v. White*, 584 F.3d 935 (10th Cir. 10/22/2009) the Tenth Circuit Court stated:

Although traffic stops are often brief, they are nonetheless "seizures" within the meaning of the Fourth Amendment. Delaware v. Prouse, 440 U.S. 648, 653 (1979). "For the duration of a traffic stop, . . . a police officer effectively seizes everyone in the vehicle, the driver and all passengers." Arizona v. Johnson, 129 S.Ct. 781, 784 (2009) (quotation omitted). **Therefore, both the driver and passenger have standing to challenge the constitutionality of the initial stop**. See id. at 787; Brendlin v. California, 551 U.S. 249, 251, 255-59, 263 (2007); United States v. Cortez-Galaviz, 495 F.3d 1203, 1205 & n.3 (10th Cir. 2007). "A traffic stop is justified at its inception if an officer has . . . reasonable articulable suspicion that a particular motorist has violated any of the traffic . . . regulations of the jurisdiction." United States v. Winder, 557 F.3d 1129, 1134 (10th Cir.), cert. denied, 129 S.Ct. 2881 (2009); see United States v. Gonzales, 535 F.3d 1174, 1181 (10th Cir.) (noting that a traffic stop "is valid if it is based on an observed traffic violation or if the police officer has reasonable articulable suspicion that a traffic or equipment violation has occurred or is occurring"), cert. denied, 129 S.Ct. 743 (2008); see also Johnson, 129 S.Ct. at 784; United States v. Clarkson, 551 F.3d 1196, 1201 (10th Cir. 2009). "This court looks only at whether the stop was 'objectively justified'; the officer's subjective motives are irrelevant." Chavez, 534 F.3d at 1344.(emphasis added).

WHEREFORE the Defendant requests that a hearing and that a Motion to Suppress be entered suppressing all evidence after the illegal stop.

DATED this 17th day of July 2012.

                                                 */s/ Randall Gaither*
                                                 RANDALL GAITHER
                                                 Attorney for Hickory W. McCoy

<u>DELIVERY CERTIFICATE</u>

I hereby certify that on the date set forth below, a true and correct copy of the foregoing document, **MOTION TO SUPPRESS** was electronically filed with the Clerk of the Court using the ECF system which sent notification of such filing to the following:


J. DREW YEATES
Assistant United States Attorney
185 South State Street, Suite 300
Salt Lake City, Utah 84111
*Email: drew.yeates@usdoj.gov*

TYLER L. MURRAY
United States Attorney's Office
185 South State Street, Suite 300
Salt Lake City, Utah 84111
*Email: tyler.murray2@usdoj.gov*


DATED this 17th day of July 2012

                                              */s/ Randall Gaither*
                                              RANDALL GAITHER
                                              Attorney for Hickory W. McCoy