IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br><br><br>vs.<br><br><br>HICKORY WESLEY MCCOY,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS<br><br><br><br><br>Case No. 2:12-CR-218 TS |

This matter is before the Court on Defendant Hickory Wesley McCoy's Motion to Suppress.[1]  The Court held evidentiary hearings on Defendant's Motion on August 30, 2012, and October 16, 2012.  The parties have since submitted briefing on Defendant's Motion.  Having considered the evidence presented at the evidentiary hearings, the parties' briefs, and the relevant case law, the Court is prepared to rule on Defendant's Motion.

I.  FACTUAL BACKGROUND

On January 24, 2012, Trooper Randy Riches was positioned at milepost 112 on Interstate 80, on the right hand side of the road, facing east bound.  Trooper Riches was stationed at that location to look for traffic violations.  About 150 feet from mile post 112, the speed on Interstate

---

[1]Docket No. 19.

80 decreases from 75 miles per hour to 65 miles per hour.  There are yellow hazard warning signs to notify drivers of the speed limit decrease.

At around 11:57 pm, Defendant, operating a 2011 Chevrolet Malibu rental car, passed Trooper Riches headed east bound on Interstate 80.  Trooper Riches observed Defendant's approach in his rear-view mirror.  Defendant's vehicle was traveling in the left-hand lane, with a vehicle immediately behind it, and a vehicle slightly ahead in the right hand lane.  Trooper Riches testified that the vehicle in the right-hand lane appeared to be traveling slightly faster than Defendant's vehicle.

As the vehicles approached, Trooper Riches activated his radar and determined that Defendant's vehicle was traveling at 73 miles per hour.  The speed limit in that stretch was 75 miles per hour.  When the vehicles passed Trooper Riches, he estimated the distance between Defendant's vehicle and the vehicle behind Defendant's vehicle to be 1.5 seconds.

Without activating his emergency lights or siren, Trooper Riches entered the right lane of travel and accelerated to be in a position to observe the lane movements of the vehicles.  In order to catch up with the vehicles, Trooper Riches exceeded the posted speed limit—reaching a speed of 88 miles per hour.  Trooper Riches maintained his position in the right lane of travel and followed close behind the vehicles for a brief period of time.  In all, Trooper Riches followed the vehicles for approximately a mile and a half.

Near mile marker 114, Trooper Riches pulled in behind Defendant's vehicle and initiated a traffic stop.  Defendant pulled his vehicle to the left side of the roadway.  Trooper Riches approached Defendant's vehicle and informed the occupants that he pulled the vehicle over for a left lane violation.

## II.  DISCUSSION

Defendant asserts that Trooper Riches's initial traffic stop was unconstitutional and moves the Court to suppress all evidence obtained from Defendant's vehicle as a result of that stop.  The Government contends that Defendant's Motion should be denied because Trooper Riches had a reasonable and articulable suspicion to conduct a traffic stop of Defendant's vehicle based upon the observed violation of Utah law.

"The Fourth Amendment protects citizens from unreasonable searches and seizures conducted by either state or federal government officials."[2]  "Although traffic stops are often brief, they are nonetheless 'seizures' within the meaning of the Fourth Amendment."[3]  "A traffic stop is justified at its inception if an officer has reasonable articulable suspicion that a particular motorist has violated any of the traffic regulations of the jurisdiction."[4]  "So long as that standard is satisfied, it is irrelevant that the officer may have had subjective motives for stopping the vehicle."[5]  "'This court looks only at whether the stop was objectively justified; the officer's subjective motives are irrelevant.'"[6]

---

[2]*United States v. White*, 584 F.3d 935, 944 (10th Cir. 2009).

[3]*Id*. at 945 (citing *Delaware v. Prouse*, 440 U.S. 648, 653 (1979)).

[4]*Id*. (internal quotation marks and citations omitted).

[5]*United States v. Tibbetts*, 396 F.3d 1132, 1137 (10th Cir. 2005) (internal citations omitted).

[6]*White*, 584 F.3d at 945 (quoting *United States v. Chavez*, 534 F.3d 1338, 1344 (10th Cir. 2008)).

The Government asserts that Trooper Riches had a reasonable and articulable suspicion to conduct a traffic stop based on Utah Code Ann. § 41-6a-704.  That code section provides, in relevant part:

> (2) On a highway having more than one lane in the same direction, the operator of a vehicle traveling in the left general purpose lane:
>> (a) shall, upon being overtaken by another vehicle in the same lane, yield to the overtaking vehicle by moving safely to a lane to the right; and
>> (b) may not impede the movement or free flow of traffic in the left general purpose lane.
>
> (3) An operator of a vehicle traveling in the left general purpose lane that has a vehicle following directly behind the operator's vehicle at a distance so that less than two seconds elapse before reaching the location of the operator's vehicle when space is available for the operator to yield to the overtaking vehicle by traveling in the right-hand lane is prima facie evidence that the operator is violating Subsection (2).

However, "[t]he provisions of Subsection (2) do not apply to an operator of a vehicle traveling in the left general purpose lane when . . . avoiding actual or potential traffic moving onto the highway from an acceleration or merging lane."[7]

Here, the evidence demonstrates that Trooper Riches observed Defendant's vehicle traveling in the left general purpose lane while being overtaken by another vehicle in the same lane at a distance so that only 1.5 seconds elapsed before reaching the location of Defendant's vehicle.  Trooper Riches also observed that there was space available for Defendant to yield to the overtaking vehicle by traveling in the right-hand lane.  Trooper Riches observed this evidence of Defendant's violation while still stationary on the side of Interstate 80.

Nevertheless, Defendant asserts that Trooper Riches did not, at that time, have evidence of a violation of the traffic laws of the state of Utah.  In support of this assertion, Defendant cites

---

[7]Utah Code Ann. § 41-6a-704(4).

a colloquy that occurred during the evidentiary hearing in this matter.  Counsel for Defendant

posed the following question to Trooper Riches: "At this point in time you had not made any

determination of any traffic violation, had you?"[8] And Trooper Riches responded: "I don't have a

reason to stop them.  I've got a suspicion as they pass me.  But as far as a solid violation at this

point, no."[9]  The Court is not persuaded that Trooper Riches statement—that he did not feel at

the moment he observed Defendant's vehicle pass him that he had sufficient evidence to make a

stop—constitutes a legal conclusion or admission of a Fourth Amendment violation.

　　　　Of particular relevance to the Fourth Amendment analysis is Trooper Riches's testimony

that he had a suspicion that Defendant was in violation of the traffic regulations of the state of

Utah.  A reasonable articulable suspicion is all that is required prior to initiating a stop.

　　　　Even if Trooper Riches's "suspicion" at the moment the vehicles passed was insufficient

to constitute a reasonable articulable suspicion of a traffic violation, the evidence in this case

demonstrates that Trooper Riches did not initiate a traffic stop at that point in time.  Rather,

Trooper Riches accelerated to a position where he could observe the lane movements of the

vehicles before initiating a stop.  It was only after observing the vehicles' traffic pattern for

approximately a mile and a half that Trooper Riches initiated a traffic stop.  Trooper Riches

testified that, after observing the vehicles, he believed that Defendant had committed a "[l]eft

lane violation."[10]

---

[8]Docket No. 39, at 55.

[9]*Id*. at 55–56.

[10]*Id*. at 11.

Defendant also argues that Trooper Riches's actions in approaching the vehicles in the right-hand lane effectively prevented him from moving his vehicle to the right-hand lane.  The Court construes Defendant's argument to be that his non-compliance with Utah Code Ann. § 41-6a-704(2) was justified because Defendant was "avoiding actual or potential traffic moving onto the highway from an acceleration or merging lane" as allowed under § 41-6a-704(4).  This argument fails for the following reasons.

First, the evidence presented demonstrates that Trooper Riches vehicle did not act to prevent Defendant from moving into the right-hand lane.  Trooper Riches testified that Defendant "definitely" had room and opportunity to move over to the right lane while Trooper Riches was approaching and observing the vehicles.[11]  The Court finds this testimony to be supported by the evidence presented.  Thus, the exception found in subsection (4) is inapplicable.  Next, even accepting as true Defendant's assertion that, due to the actions of Trooper Riches no violation of § 41-6a-704(2) occurred, the outcome is unchanged because the Court finds that Trooper Riches's assessment of the facts giving rise to the violation was reasonable.[12]

Defendant's remaining arguments address the alleged subjective intent of Trooper Riches in initiating the traffic stop and Trooper Riches's alleged violation of Utah traffic laws.  Such arguments are irrelevant for purposes of the Fourth Amendment analysis.[13]

---

[11]*Id*. at 17, 81–82, 85, 98.

[12]*See Tibbetts*, 396 F.3d at 1138 (quoting *United States v. Chanthasouxat*, 342 F.3d 1271, 1276 (11th Cir. 2003) (holding that "[a] traffic stop based on an officer's incorrect but reasonable assessment of the facts does not violate the Fourth Amendment")).

[13]*See White*, 584 F.3d at 945; *Tibbetts*, 396 F.3d at 1137.

6

In sum, the Court finds that the totality of the circumstances support a finding that, at the inception of the instant traffic stop, Trooper Riches had a reasonable articulable suspicion that Defendant committed a traffic violation under the laws of the state of Utah.  For this reason, the Court will deny Defendant's Motion to Suppress.

### III.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Suppress (Docket No. 19) is DENIED.  It is further

ORDERED that the time from the filing of the Motion to Suppress—July 17, 2012—through the date of this Order is excluded from the computation of the Speedy Trial Act time pursuant to 18 U.S.C. § 3161(h)(1)(D) and (H).  The trial in this case will be reset for January 14, 2013, at 8:00 am.

DATED   December 18, 2012

BY THE COURT:

_____
TED STEWART
United States District Judge