IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>HICKORY WESLEY MCCOY,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO REOPEN DETENTION HEARING AND REQUEST FOR REVIEW OF DETENTION ORDER<br><br><br><br>Case No. 2:12-CR-218 TS |

    This matter is before the Court on Defendant's Motion to Reopen Detention Hearing and Request for Review of Detention Order.[1] This is Defendant's second attempt to re-open his detention hearing and review his detention order. For the reasons stated below, the Court will deny Defendant's Motion.

    Defendant Hickory Wesley McCoy is charged by felony indictment with (1) Possession of Marijuana with Intent to Distribute; (2) Possession of a Firearm in Furtherance of a Drug Trafficking Crime; and (3) Felon in Possession of a Firearm and Ammunition.[2] The allegations

---

[1] Docket No. 65.

[2] Docket No. 1.

1

and procedural history of this case are more fully discussed in the Court's prior orders and will not be repeated here.[3]

A motion to reopen a detention hearing based on new information is governed by the standards set forth in 18 U.S.C. § 3142(f). Pursuant to that subsection, a detention hearing:

> may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.[4]

Thus, pursuant to subsection (f), the Court first considers whether Defendant has shown that the detention hearing should be reopened based on facts that (1) were not known to him at the time of the original Detention Order and (2) are material to the issues of assuring his appearance as required and the safety of the community.

Defendant proffers the following as new information that has a material bearing on the issue of whether there are conditions of release that will reasonably assure his appearance and the safety of the community: (1) Defendant has a child custody trial set for sometime in April that will impact his custody rights to his children; and (2) Defendant has ongoing medical needs related to an injury to the distal phalanx of the third finger on his left hand. Defendant has provided medical documentation of his finger injury as an exhibit to his Motion.

Defendant raised his custody issues at the time of the Detention Order and again in his first motion to reopen. As such, these issues do not qualify as new information previously

---

[3] *See* Docket Nos. 27, 63.

[4] 18 U.S.C. § 3142(f).

unknown to the Defendant. Further, as was discussed in a prior order, this information is not material to the issues of assuring his appearance as required and the safety of the community.[5]

Defendant's finger injury also fails to meet the standard set out in § 3142(f). It is apparent from the treating documents provided by Defendant that the injury occurred prior to the detention hearing in this matter. Thus, Defendant's injury does not constitute new information that was "not known to the movant at the time of the hearing."[6] Additionally, Defendant has not demonstrated how his injury has a material bearing on whether there are conditions of release that will reasonably assure his appearance as required and the safety of any other person and the community.[7]

In sum, the Court finds that Defendant, as movant, has not shown information that was not available at the prior hearing that is also material to the issue of detention.

It is therefore

ORDERED that Defendant's Motion to Reopen Detention Hearing and Request for Review of Detention Order (Docket No. 65) is DENIED. Pursuant to 18 U.S.C. § 3161(h)(1)(D), the Court will exclude all time, for purposes of the Speedy Trial Act, from the time of filing of Defendant's Motion through the date of this Order.

---

[5] *See* Docket No. 63, at 5–6.

[6] 18 U.S.C. § 3142(f).

[7] To the extent Defendant is not satisfied with the medical attention and care he has received for his injury, the Court recommends that Defendant discuss the matter with his attorney and seek a resolution with the facility where he is being held.

DATED   March 4, 2013

BY THE COURT:

_____
TED STEWART
United States District Judge