IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>HICKORY WESLEY MCCOY,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO ALLOW FILING OF SUPPRESSION MOTION<br><br><br><br>Case No. 2:12-CR-218 TS |

    This matter is before the Court on Defendant's Motion to Allow Filing of Suppression Motion.[1] Defendant requests that the Court grant him leave to file a supplemental motion to suppress on the grounds that the "scope and duration of [Defendant's] detention by police required suppression of the evidence produced by such detention" and "that there are constitutional issues regarding the use of a so-called drug detecting dog as well."[2]

---

[1] Docket No. 105.

[2] *Id*. at 2.

The Government contends that Defendant's Motion should be denied because the motion filing date has passed and, in any event, a motion to suppress raising these issues was previously filed in this case. The Government recognizes that "[D]efendant's memorandum in support of his motion to suppress focused on the justification of the traffic stop," but maintains that the issue was nonetheless litigated.[3] According to the Government, "[t]he fact that the [D]efendant chose not to focus on the scope of detention in his memorandum amounts to nothing more than litigation strategy."[4]

The Tenth Circuit has "applied to Fourth Amendment issues the long held rule that when a party to the litigation fails to raise an issue below, [that issue] will not [be] consider[ed] . . . for the first time on appeal unless the party demonstrates that an impediment existed which prevented the party from raising the argument at the trial level."[5] Thus, Defendant must raise the "specific ground of the evidentiary objection" and allow the trial court an opportunity to make findings on the issue.[6]

Defendant previously filed a motion to suppress. That motion was filed by Defendant's prior retained counsel. In his motion to suppress, Defendant raised, among others, the following

---

[3] Docket No. 107, at 2.

[4] *Id.* at 3.

[5] *United States v. Worthon*, 520 F.3d 1173, 1182 (10th Cir. 2008) (citing *United States v. Dewitt*, 946 F.2d 1497, 1499 (10th Cir. 1991); *see also United States v. Rascon*, 922 F.2d 584, 587 (10th Cir. 1990)).

[6] *Rascon*, 922 F.2d at 588 (citing *United States v. Barrett*, 703 F.2d 1076, 1086 n.17 (9th Cir. 1983)).

potential issues: (1) "[w]as the detention unreasonably delayed to conduct a dog search without a warrant" and (2) "[d]id the detention exceed the scope of the justification, if any for the stop."[7] At the suppression hearing, Defendant inquired as to the scope and duration of the stop.[8] Defendant also made inquiry as to the use of the drug sniffing canine.[9]

In the subsequent briefing on the motion to suppress, Defendant chose not to address the scope and duration of the stop or the drug sniffing canine issues.  This may well have been a litigation strategy.  However, since that time, Defendant's original retained counsel sought removal from this case, and new counsel has been appointed.  Defendant's current counsel feels that "[t]he facts suggest an argument exists as to whether the scope of detention as well as the use of a drug sniffing dog were within constitutional parameters" and would like to preserve those issues for appeal.[10]  Counsel further believes that the failure to raise these issues could constitute ineffective assistance of counsel.

The record demonstrates that Defendant failed to address as a specific ground of evidentiary objection the scope and duration of the detention as well as the use of the drug sniffing canine.  However, the Court finds that these issues were addressed in the evidentiary hearing.  Thus, the Court will allow Defendant a limited opportunity to supplement his prior motion to suppress by briefing the issues raised in the instant motion.

---

[7] Docket No. 19, at 3.

[8] *See* Docket No. 39, at 68–70.

[9] *Id*. at 74–75.

[10] Docket No. 108, at 3.

The Court is cognizant of the parties' interest in bringing this case to a speedy resolution. This matter is currently set for trial on June 24, 2013. It is the Court's desire to maintain that trial date. For that reason, the Court will set an expedited briefing schedule on Defendant's supplemental motion to suppress that will allow the resolution of these issues in advance of the currently scheduled trial date. It is therefore

ORDERED that Defendant's Motion to Allow Filing of Suppression Motion (Docket No. 105) is GRANTED. Defendant shall have until June 12, 2013, to file his supplemental motion and the Government shall have until June 17, 2013, to file its response.

DATED   June 7, 2013

BY THE COURT:

_____
TED STEWART
United States District Judge