IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>HICKORY WESLEY MCCOY,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO CONTINUE<br><br><br><br>Case No. 2:12-CR-218 TS |

This matter is before the Court on Defendant's Motion to Continue. Defendant moves the Court to continue the trial currently scheduled for June 24, 2013, on the grounds that (1) he will not have sufficient time to conduct inquiry and investigation regarding a new witness for the Government, Russell Vann, and (2) because he has not received any information concerning whether or not the Government has agreed to recommend a lesser sentence in exchange for co-Defendant McCaslin's testimony.

The co-defendant in this matter, Staci McCaslin, made an initial appearance on April 12, 2013. On June 17, 2013, Defendant McCaslin entered a plea of guilty to Count I of the Indictment. On the same day, the Government provided Defendant law enforcement reports concerning Defendant McCaslin's proposed testimony in this case. In its response to this

Motion, the Government maintains that there is no cooperation agreement between Defendant McCaslin and the Government, beyond the plea agreement filed in this case.

On June 17, 2013, the Government became aware of a potential witness, Mr. Vann. The Government located and contacted Mr. Vann by telephone. The Government prepared a written report concerning this interview and provided that report to Defendant on June 19, 2013. It is anticipated that Mr. Vann will corroborate a small portion of Ms. McCaslin's version of events.

The Court considers several factors in determining whether a continuance is warranted:

> the diligence of the party requesting the continuance; the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance; the need asserted for the continuance and the harm that [Defendant] might suffer as a result of the district court's denial of the continuance.[1]

Here, Defendant asserts that he has exercised due diligence in preparing for this case. The Court is without information to believe otherwise and this assertion is accepted as true. A continuance is sought in this case to allow Defendant an opportunity to investigate the potential testimony of Mr. Vann. A continuance would certainly allow Defendant additional opportunity to investigate the involvement of Mr. Vann.

Defendant moves for a continuance one business day before the commencement of trial. The Government has subpoenaed witnesses and is otherwise prepared to proceed to trial. The Court has set its schedule with the understanding that it will proceed to trial. Furthermore, this matter has been continued on multiple occasions on motion of the Defendant. Due to the preparations made, the witnesses subpoenaed, and the prior continuances in this matter, the Court

---

[1] *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987).

finds that both the Government and the Court will be inconvenienced by a continuance of this matter.

The Court finds the last factor—the need for the continuance and harm Defendant might suffer as a result of a denial—to be of particular import to its decision. The Government has clarified that there is no cooperation agreement between Defendant McCaslin beyond the statement in advance of plea already disclosed. Thus, the failure to disclose a cooperation agreement does not provide a need for a continuance. Further, the Court is not persuaded that Mr. Vann's anticipated testimony is so complex that Defendant will be without adequate time to investigate and inquire as to Mr. Vann's anticipated testimony in advance of trial. The Government has indicated that Defendant can contact Mr. Vann via telephone prior to trial or interview Mr. Vann in person between the end of the first day of trial and the beginning of the second day. Given this availability, the Court finds that a continuance is not needed and Defendant will not suffer any harm as a result of a denial of his Motion.

Considering these factors, the Court finds that a continuance is not merited in this case. It is therefore

ORDERED that Defendant's Motion to Continue (Docket No. 138) is DENIED.

DATED   June 21, 2013.

BY THE COURT:

_____
TED STEWART
United States District Judge