IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| HICKORY WESLEY McCOY,<br><br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | MEMORANDUM DECISION AND ORDER DISMISSING WITHOUT PREJUDICE PETITIONER'S MOTION UNDER 28 U.S.C. § 2255<br><br>Civil Case No. 2:21-CV-647 TS<br>Criminal Case No. 2:12-CR-218 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Petitioner's Motion Under 28 U.S.C. § 2255. For the reasons discussed below, the Court will dismiss the Motion without prejudice for lack of jurisdiction.

I.  BACKGROUND

On April 25, 2012, Petitioner was charged in a three-count Indictment with possession of marijuana with intent to distribute, possession of a firearm in furtherance of a drug trafficking crime, and being a felon in possession of a firearm and ammunition. Petitioner proceeded to trial, where he was found guilty on all counts. Petitioner was sentenced to 200 months in the custody of the Bureau of Prisons, to be followed by 60 months of supervised release.

Petitioner appealed his conviction and challenged the Court's pretrial ruling on a motion to suppress. The Tenth Circuit Court of Appeals affirmed the Court's decision denying the motion to suppress and affirmed Petitioner's conviction.

Petitioner timely filed a motion under 28 U.S.C. § 2255 on June 3, 2016. The Court denied Petitioner's § 2255 motion on September 13, 2016. Petitioner appealed the Court's ruling

on his § 2255 motion and the Tenth Circuit denied Petitioner's request for a certificate of appealability ("COA") on December 13, 2016.

On March 19, 2018, Petitioner filed a motion pursuant to Fed. R. Civ. P. 60(b). Petitioner argued that the Court erred in the prior § 2255 proceeding by concluding the suppression issue was procedurally barred. The Court dismissed Petitioner's motion for lack of jurisdiction, finding that it was an unauthorized second or successive § 2255 petition. The Tenth Circuit vacated the Court's ruling and remanded for the Court to consider the motion on the merits. On remand, the Court concluded that Petitioner's motion was not timely filed and failed on the merits. Petitioner appealed and the Tenth Circuit denied his request for a COA.

Petitioner brings the instant § 2255 Motion. In his Motion, Petitioner contends that he no longer qualifies for a career offender enhancement based on the recent Supreme Court decision of *Borden v. United States*.[1] It does not appear that Petitioner has sought or received authorization from the Tenth Circuit to bring his Motion as required by 28 U.S.C. § 2255(h).

## II. DISCUSSION

"Before a federal prisoner may file a second or successive motion under § 2255, the prisoner must first obtain an order from the appropriate court of appeals authorizing the district court to consider the motion."[2] "A district court does not have jurisdiction to address the merits of a second or successive § 2255 . . . claim until [the appropriate court of appeals] has granted the required authorization."[3] The Court has the authority to transfer a second or successive

---

[1] ---U.S.---, 141 S. Ct. 1817 (2021).

[2] *In re Cline*, 531 F.3d 1249, 1250 (10th Cir. 2008).

[3] *Id.* at 1251.

motion under § 2255 to the appropriate court of appeals for authorization, but before doing so, the Court must consider whether a transfer is in the interest of justice.[4]

A district court may refuse to transfer motion that fails on its face to satisfy the authorization standards of § 2255(h).[5] A second or successive motion under 28 U.S.C. § 2255 may be filed in the district court if the court of appeals certifies that the motion is based on (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would establish by clear and convincing evidence that no reasonable factfinder would have found defendant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.[6]

Petitioner appears to rely on the "new rule of constitutional law" prong. In support, Petitioner cites to *Borden v. United States*, where the Supreme Court held that reckless conduct fails to satisfy the definition of violent felony under the Armed Career Criminal Act ("ACCA").[7] Petitioner posits that, based on this decision, he would not have been subject to enhanced penalties.

Petitioner's reliance on *Borden* fails because it did not announce a "new rule of constitutional law." Instead, *Borden* concerned the interpretation of a statute—the ACCA. A decision of statutory interpretation is not a new rule of constitutional law sufficient to satisfy §

---

[4] *See* 28 U.S.C. § 1631.
[5] *In re Cline*, 531 F.3d at 1252.
[6] 28 U.S.C. § 2255(h),
[7] *Borden*, 141 S. Ct. at 1822.

2255(h).[8]  Therefore, it is not in the interests of justice to transfer Petitioner's Motion and it will be dismissed without prejudice.

## III.  CONCLUSION

It is therefore

ORDERED that the Motion is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.  The Court DENIES Petitioner a certificate of appealability.

DATED this 8th day of November, 2021.

BY THE COURT:

_____
Ted Stewart
United States District Judge

---

[8] *See In re Shines*, 696 F.3d 1330, 1332 (10th Cir. 2012); *Brace v. United States*, 634 F.3d 1167, 1170 (10th Cir. 2011).